IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 12-00060-01-CR-HFS |
| | ) |
| ANTHONY WALKER, | ) |
| | ) |
| Defendant. | ) |

SUPPLEMENTAL LEGAL NOTE

This note may be helpful to understanding my approach to fact-finding and sentencing held on April 29, 2013. It is prepared more from memory than close review of this "closed" matter, now subject to appeal. I do not think I was legally free to reject of the defendant's objection to the PSR contention of prior possession of the murder weapon without either testimony from the informant or using the nephew's interview. Without prior possession of the weapon the circumstantial evidence was consistent with an acknowledged close relationship with the victim, but does not go far in establishing homicide. I accepted the incriminating aspects of the nephew's interview as credible, despite inconsistencies, for reasons indicated, and thus found it more likely than not that defendant killed the victims.

I do not disagree with Government counsel's contention that a triple murder may deserve a life sentence. But that was not the offense of conviction, and the seriousness of the offense as a sentencing issue seems stretched to the limit (based on other misconduct) when the prospective sentence of 15 years was doubled. Judges traditionally rely basically on the offense of conviction, as in sentencing Al Capone and T.J. Pendergast, for example, rather than fully

punishing for uncharged offenses, however likely. Some colleagues have been even more scrupulous in disregarding other alleged crimes, not proved beyond a reasonable doubt. See, e.g. United States v. Duardi, 384 F.Supp. 874 (W.D.Mo. 1974) (Oliver, J.). While practice has changed in that regard, it is still the offense of conviction that is the subject of the sentence imposed.

My thirty-year sentence, while very severe, does not purport to be fully adequate punishment for a triple homicide, not yet established beyond a reasonable doubt.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

May 2, 2013

Kansas City, Missouri